[Docket No. 70]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SAMUEL J. LASSOFF, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA) INC., *et al.*,<br><br>Defendants. | No. 23-CV-12407 (RMB) (EAP)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

Not every dispute is a federal case. A retired attorney believes he is entitled to thirty dollars and a Bluetooth speaker under an Atlantic City casino's rewards program. The casino disagreed and refused to pay out. Plaintiff Samuel Lassoff responded by filing a class action complaint in federal court. Lassoff's gamble did not pay off. A fight between citizens of two different states over less than fifty dollars is not a matter for federal courts.

Lassoff tries to plead around his low damages figure by alleging class claims and aggregating his losses with those of others similarly situated. But Lassoff cannot bring class claims on behalf of others as a *pro se* litigant, even if he is an attorney. And without damages aggregation, Lassoff cannot sufficiently plead the Court's required

amount in controversy—a measure Congress put in place ***specifically*** to gatekeep minor disputes like this one out of congested federal courts.

This matter is before the Court on Defendant Boardwalk 1000, LLC's motion to dismiss Lassoff's complaint. Lassoff brings state-law claims for breach of contract, conversion, unjust enrichment, and violations of state consumer fraud statutes on his own behalf and on behalf of all those similarly situated. [Docket No. 56.] The Court **GRANTS** Boardwalk 1000's motion, although on different grounds than it has argued, as discussed in more detail below.

## I. FACTUAL[1] AND PROCEDURAL BACKGROUND

On June 5, 2023, Lassoff traveled to the Hard Rock Casino in Atlantic City to gamble, and he lost $729. [Docket No. 56 ¶ 5.] Two days later, Lassoff returned to the casino floor and tried to redeem a promotion that he received in the mail for thirty dollars of "Freeplay" and a Bluetooth speaker. When trying to cash out his promotional Freeplay, Lassoff discovered his Hard Rock account was frozen. As a consequence, he could not take advantage of the promotion he received or access previously accrued rewards called "comp dollars."

Lassoff responded by filing his initial complaint two months later in August 2023. [Docket No. 1.] Lassoff initially brought claims against a panoply of entities that own and operate the Hard Rock Casino in Atlantic City, [*id.* at 1], but after

---

[1] In compiling this factual background, the Court accepts all factual allegations in Lassoff's complaint as true, as it must at the motion-to-dismiss stage. *See, e.g.*, *Levon v. CorMedix, Inc.*, 797 F. Supp. 3d 381, 401 (D.N.J. 2025).

Defendants' motion practice, Lassoff voluntarily dismissed all Defendants except Boardwalk 1000. [Docket Nos. 22, 34.] After Lassoff's final voluntary dismissal, the Court stayed the case at Lassoff's request while he pursued administrative remedies with New Jersey's Division of Gaming Enforcement. [Docket No. 37.]

In June 2025, the Court reopened the matter after Lassoff exhausted his administrative remedies. [Docket No. 55.] Lassoff filed his first amended complaint ("FAC") the next month, on July 21, 2025. Boardwalk 1000 moved to dismiss, [Docket No. 60], but the Court denied the motion for failure to comply with Federal Rule of Civil Procedure 7.1, [Docket No. 64]. After filing its diversity disclosure statement pursuant to that rule, [Docket No. 68], Boardwalk 1000 again moved to dismiss Lassoff's FAC, [Docket No. 70]. Lassoff opposed, [Docket No. 71], and Boardwalk 1000 filed a reply in further support, [Docket No. 77.] The matter is now ripe for disposition.[2]

## II. LEGAL STANDARD

Federal courts possess limited jurisdiction. U.S. Const. art. III, § 2. If a claim falls outside the confines drawn by the Constitution, a federal court cannot hear it. *Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F. Supp.

[2] One last procedural note: Lassoff responded to Boardwalk 1000's filing in further support with an improper sur-reply, [Docket No. 78], to which Boardwalk 1000 objected, [Docket No. 79]. Confusingly, Lassoff objected to Boardwalk 1000's objection as an improper sur-reply itself. [Docket No. 80.] The Court need not entertain that dispute between the parties because it dismisses Lassoff's complaint on jurisdictional grounds that neither party addressed in its papers.

340, 345 (D.N.J. 1997) ("The Constitution does not permit Federal courts to adjudicate cases which do not fall within the jurisdiction conferred by Article III[.]"). To avoid overstepping its constitutional limits, a federal court must assess its subject-matter jurisdiction *sua sponte* to ensure it has the authority to act before doing so. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 548 (2019); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (citing *Emps. Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990)).

## III. DISCUSSION

Considering the matter *sua sponte*, as it must, the Court is without subject-matter jurisdiction to hear Lassoff's claims. Lassoff asserts jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). [Docket No. 56 ¶ 66.] CAFA allows class members to aggregate their damages, and their collective damages must exceed $5 million. § 1332(d)(2), (6); *see, e.g.*, *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 389 F. Supp. 3d 289, 292 (E.D. Pa. 2019). However, Lassoff—a *pro se* litigant—cannot bring class claims on behalf of other litigants. *Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006); *Lavender v. Pennsylvania*, 2025 WL 5153582, at *2–3 (M.D. Pa. Sep. 24, 2025); *Blackburn v. Aventis Pharms., Inc.*, 2006 WL 3544980, at *3 n.1 (D.N.J. Dec. 8, 2006). That is equally true for class claims brought under CAFA

as it is for class claims brought under Federal Rule of Civil Procedure 23. *See, e.g.*, *Elansari v. Tinder, Inc.*, 2019 WL 3244589, at *1 (E.D. Pa. July 18, 2019).[3]

Lassoff's law license does not change the analysis. [Docket No. 56 ¶¶ 74, 76.] Lawyers representing themselves in court stand on the same footing as all other *pro se* litigants and may not bring class claims on behalf of others. *See, e.g.*, *Hoffman v. DSE Healthcare Sol'ns, LLC*, 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014) (citing *Kramer v. Sci. Control Corp.*, 534 F.2d 1085, 1090 (3d Cir. 1976) (an "attorney-plaintiff class representative may not also serve as counsel for the class[.]")); *Doyle v. Southwest Airlines, Inc.*, 2018 WL 1128775, at *7 (D.N.J. Mar. 1, 2018) ("While Plaintiff indicates that he is an attorney and therefore likely possesses the minimal requisite knowledge to serve as class representative, his status as a *pro se* plaintiff renders him a less than ideal candidate.").[4]

---

[3] District courts across the country come to the same conclusion. *See, e.g.*, *Baker v. Am. Soc. of Composers, Authors, and Publishers*, 2023 WL 2786778, at *2 (S.D.N.Y. Apr. 5, 2023) ("[C]ourts have applied this principle [that *pro se* litigants may not represent third parties' interests] to bar *pro se* litigants from bringing class action claims."); *Alomran v. Marriott Vacations Worldwide Corp.*, 2025 WL 2394690, at *2 (S.D. Fla. Aug. 18, 2025) ("[A] *pro se* plaintiff cannot proceed as a class representative."); *Ainsley v. Unshakeable Builders, Inc.*, 2025 WL 2180441, at *2 n.1 (E.D.N.C. June 24, 2025) ("[S]ince *pro se* parties cannot represent a class, Plaintiffs cannot maintain this action as a class action."); *Kersey v. Staples*, 2018 WL 2077598, at *3 (D. Mass. May 2, 2018) ("Kersey, as a *pro se* litigant in this action, is not authorized to serve as the representative of a class."); *Lyons v. Bank of Am. Corp.*, 2016 WL 8313925, at *2 (D. Nev. Dec. 20, 2016) ("Because Plaintiff cannot proceed with class claims *pro se* . . . CAFA cannot form a basis for diversity jurisdiction.").

[4] This Court's approach is, again, consistent with other courts across the country. *See, e.g.*, *Dundee v. Univ. Hosps. Corp.*, 2020 WL 502414, at *3 (N.D. Ohio Jan. 17, 2020) (citing *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976)) ("The Sixth Circuit

Without CAFA or class claims, Lassoff must turn elsewhere to find subject-matter jurisdiction for his remaining individual claims. None of his exclusively state-law claims raise a federal question, which leaves the general diversity statute, 28 U.S.C. § 1332(a). The amount in controversy there is $75,000. *Id.* Without the benefit of aggregated damages across multiple plaintiffs, Lassoff's purported loss—thirty dollars and a Bluetooth speaker—falls woefully short. [Docket No. 56 ¶ 5.]

Lassoff also alleges he lost $729 gambling around the same time he received Hard Rock's solicitation regarding the thirty-dollar-and-a-speaker promotion. Lassoff's allegations do not link that $729 to his claims regarding Hard Rock's promotion, [*id.*], but even assuming *arguendo* that loss is part of his claims, it is still over $74,000 short of the $75,000 amount in controversy. Although certain state consumer fraud statutes may include provisions for treble damages and attorney's fees, relying on those provisions does not save Lassoff's claims either. Trebling $729 yields $2,187. And because Lassoff is *pro se*, he has no attorney's fees to recover.

---

addressed this issue [holding] that 'the roles of class representative and of class attorney cannot be played by the same person.'"); *In re California Micro Devices Sec. Litig.*, 168 F.R.D. 257, 260 (N.D. Cal. 1996) ("[A]n attorney may not serve both as class representative and as class counsel."); *Boyce v. Wachovia Secs., LLC*, 2010 WL 1253737, at *4 (E.D.N.C. Mar. 29, 2010) (citing *Matassarin v. Lynch*, 174 F.3d 549, 559 (5th Cir. 1999)); *Madyun v. Litscher*, 2002 WL 32340880, at *1 (W.D. Wis. Mar. 8, 2002) (collecting cases and holding "even lawyers may not act both as class representative and as counsel for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the lawyer on behalf of the class members."); *Privitola v. Election Sys. & Software LLC*, 2016 WL 10906451, at *5 (N.D. Fla. Oct. 19, 2016) (collecting cases).

Nor does Lassoff's request for punitive damages help approach the amount in controversy. Lassoff's claims for punitive damages are grounded in conclusory allegations about wanton or malicious conduct that the Court need not accept as true. [*See, e.g.*, Docket No. 56 ¶¶ 24–26 (conclusorily alleging "Defendant intentionally, fraudulently and maliciously does NOT publish their requirements for their established gambler PROMOTIONS.")]; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."). Without facts to support punitive damages, the Court excludes them from calculating the amount in controversy. *Sizmur v. Daimler Benz AG*, 2023 WL 6307442, at *4 (D.N.J. Sep. 28, 2023) ("Moreover, the Court will disregard the [plaintiffs'] punitive damages claim in the amount in controversy calculation because their complaint contains no allegations to support a punitive damages award[.]").

Last, Lassoff complains that the Hard Rock froze his "comp dollars" account, and he lost access to those earned rewards. [Docket No. 56 ¶¶ 7–9.] Although Lassoff alleges comp dollars "have and hold significant monetary value," he never alleges what ***his*** losses are. Instead, Lassoff makes the conclusory allegation: "COMP DOLLARS represent a customer's current and or previous losses/gambling trips worth thousands of US Dollars" without ever mentioning his comp dollar balance or its equivalent cash value. As plead, Lassoff's individual damages never get close to $75,000.

The Eastern District of Pennsylvania decided *Elansari v. Tinder* with a nearly identical analysis. 2019 WL 3244589, at *1–2. There, *pro se* plaintiff Amro Elansari brought CAFA claims against Tinder for purported fraud. *Id.* at *1. Tinder marketed a premium version of its app-based mobile dating platform to Elansari (and others). *Id.* Tinder allegedly promised a certain number of romantic matches that were locked behind a fifteen-dollar paywall. But upon paying for the premium service, Elansari found those matches were all over 3,000 miles away—meaning the premium matches Elansari paid to access were infeasible romantic prospects. *Id.* Elansari alleged others had similar experiences after unlocking their Tinder-advertised premium matches and brought class claims on their behalf *pro se*. *Id.* The Eastern District nevertheless dismissed Elansari's claims. First, the court held Elansari could not bring claims on behalf of other class members because he proceeded *pro se*, and CAFA's damages aggregation did not apply.[5] *Id.* Second, the court found Elansari's individual

[5] There is a "catch-22" worth discussing that is absent in *Elansari*. Generally, a defective class will not deprive a district court of subject-matter jurisdiction. *Coba v. Ford Motor Co.*, 923 F.3d 114, 119 (3d Cir. 2019). But at the same time, "[a] basic requirement of pleading is that the jurisdiction of a federal court must appear on the face of the complaint." *Schultz v. Cally*, 528 F.2d 470, 474 (3d Cir. 1975); *Diaz v. Jersey City State College*, 1994 WL 548207, at *2 (D.N.J. Oct. 4, 1994); *Fairweather v. Comfort Suites*, 2024 WL 763294, at *1 (M.D. Pa. Feb. 23, 2024). Lassoff does not allege CAFA jurisdiction on the face of his complaint because a *pro se* litigant ***cannot*** serve as a class representative, and the complaint offers no alternative. But does that deficiency at the pleading stage deprive this Court of subject-matter jurisdiction?

*Coba* provides both the question and the answer. Jurisdictional facts are determined at the time of filing, not by later events. 923 F.3d at 119; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("For jurisdictional purposes, our inquiry is limited to examining the case as of the time it was filed[.]"). *Knowles* is also

damages—all of $135—were insufficient to create jurisdiction under the general diversity statute. *Id.* at *2.

This Court's analysis mirrors the Eastern District's in *Elansari*. Lassoff cannot represent the interests of other litigants under CAFA,[6] and his claimed damages can

---

instructive. There, the Supreme Court held a pre-certification stipulation to damages less than $5,000,000 did not deprive a district court of jurisdiction because the class representative cannot bind a class until that class is certified. 568 U.S. at 593. At the time of filing, damages were thus uncapped and plausibly exceeded $5,000,000. *Id.* In other words, the facts at the time of filing established CAFA jurisdiction and subsequent developments did not and could not disgorge it. Here, the contrapositive controls. The facts at the time of filing did not establish Lassoff's CAFA jurisdiction, and subsequent changes during the litigation cannot grant jurisdiction that did not exist at the matter's inception.

It does not appear the Third Circuit Court of Appeals has considered this catch-22 head-on. However, a few courts have—and they agree a facially defective class representative creates a ***jurisdictional*** problem under CAFA. *Alomran v. Marriott Vacations Worldwide Corp.*, 2025 WL 2394690, at *2 (S.D. Fla. Aug. 18, 2025) ("Plaintiffs do argue that, for purposes of this Motion to Dismiss, their lack of counsel is curable at a later stage. . . . Plaintiffs provide no authority for how CAFA confers subject-matter jurisdiction despite Plaintiffs' *pro se* status [other than cases artificial intelligence hallucinated]. And we know of none."); *Dulaney v. Kent Int'l*, 2026 WL 2078117, at *2 (N.D. Okla. Apr. 10, 2026) ("CAFA cannot serve as a basis for federal jurisdiction due to Plaintiff's status as a *pro se* litigant"); *Mustric v. Huntington Nat'l Bank*, 2019 WL 1472095, at *2 (S.D. Ohio Apr. 3, 2019) ("Thus, it is clear from the face of the Complaint that Plaintiff cannot maintain a class action [because he cannot represent a class *pro se*], and therefore CAFA does not provide this Court with subject-matter jurisdiction."); *Rudgayzer v. Yahoo! Inc.*, 2012 WL 5471149, at *5 (N.D. Cal. Nov. 9, 2012) ("As such, because this litigation cannot be characterized as a class action, this Court does not have subject-matter jurisdiction under CAFA, 28 U.S.C. § 1332(d).").

[6] The Court's conclusion is consistent with CAFA's legislative purpose to grant federal courts jurisdiction over "interstate cases of national importance." *Erie Ins. Exch. by Stephanson v. Erie Indem. Co.*, 68 F.4th 815, 819 (3d Cir. 2023) (citing Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4).

never meet the general diversity statute's amount in controversy standing alone.[7] As a result, the Court dismisses Lassoff's claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant Boardwalk 1000's motion to dismiss [Docket No. 70] is **GRANTED**. The Court further grants Lassoff leave to amend the Complaint to address these jurisdictional defects within thirty (30) days of this opinion and accompanying order. The Clerk shall administratively terminate this matter for those thirty (30) days. Should Lassoff fail to file an amended complaint within the time prescribed, this Court will lift the administrative termination and dismiss this action for lack of subject-matter jurisdiction, and the Clerk shall close the matter.

November 25, 2026
Date

**/s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge

---

[7] The Court notes the myriad other problems with Lassoff's claims in addition to subject-matter jurisdiction. As Boardwalk 1000 argues, the doctrine of primary jurisdiction—a unique form of deference to state administrative agencies—may bar Lassoff's claims. [*See generally* Docket No. 70 at 12–23.] And given gambling is an "important state interest," the Court may ultimately choose to abstain under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *see, e.g.*, *City of Baltimore ex rel. Thompson v. DraftKings Inc.*, 2025 WL 3151929, at *5 (D. Md. Nov. 10, 2025) (remanding case to state court under *Burford*, holding "this lawsuit essentially asks this federal court to put its thumb on the scale regarding the City's efforts to alter Maryland's online gambling regulatory framework . . . Maryland's state courts are far better equipped to address . . . the complex state law issues and interests presented in this scenario."). But given it is without jurisdiction to hear Lassoff's claims, the Court saves those analyses for another day, if necessary.